FILED
TARRANT COUNTY
2/28/2025 2:09 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-362397-25

| | | |
|---|---|---|
| KATHERINE SWEENEY, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ASSOCIATION OF INDEPENDENT | § | |
| MORTGAGE EXPERTS, | § | |
| *Defendant.* | § | TARRANT COUNTY, TEXAS |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Katherine Sweeney and files this, *Plaintiff's Original Petition,* complaining of Defendant Association of Independent Mortgage Experts and, in support thereof, respectfully shows:

## 1 | PARTIES

*a.     Plaintiff*

1.1     Plaintiff Katherine Sweeney ("**Sweeney**") is an individual residing in Tarrant County, Texas.

*b.     Defendant*

1.2     Defendant Association of Independent Mortgage Experts ("**AIME**") is a Michigan non-profit corporation.  AIME is a nonresident company doing business in the State of Texas by having contracted with Plaintiff Sweeney and was to perform the contract in whole or in part in the State of Texas.  *See* TEX. CIV. PRAC. &

REM. CODE §17.042. The cause of action stated in this Petition involves that contract between Plaintiff Sweeney and Defendant AIME; accordingly, the assumption of jurisdiction by the Courts of Texas does not offend traditional principles of fair play and substantial justice. Service can be had on Defendant AIME via the Court's long-arm jurisdiction, by service on the Texas Secretary of State, for service by the Texas Secretary of State, via certified mail, return receipt requested, upon Defendant AIME via service at Defendant AIME's home office address as identified by the Michigan Secretary of State as 6978 Dixie Highway, Suite B, Clarkston, MI 48346.

## 2 | JURISDICTION AND VENUE

2.1     Jurisdiction is proper in this Court, because the amount in controversy exceeds the minimum jurisdictional requirements of this Court.

2.2     Venue is proper in Tarrant County because Tarrant County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. See TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

## 3 | AMOUNT OF RELIEF REQUESTED

3.1     Plaintiff seeks recovery of monetary relief over $250,000 but not more than $1,000,000; accordingly, this case is not governed by the expedited process set forth in Texas Rule of Civil Procedure 169.

## 4 | DISCOVERY CONTROL

4.1    Discovery will be conducted under Discovery Control Plan Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 190.1.

## 5 | BACKGROUND FACTS

5.1    AIME is a nationwide trade organization for mortgage brokers, and Sweeney served as CEO of AIME, operating from her office in Grapevine, Texas. On or about January 16, 2024, Sweeney and AIME entered into a Transition Agreement and Mutual Release (the "**Agreement**"), pursuant to which Sweeney resigned her employment as CEO with AIME effective March 31, 2024, and the parties to the Agreement mutually released and waived any claims against each other.  In the Agreement, AIME acknowledged Sweeney had earned her 2023 Bonus in the amount of $240,000 ("**2023 Bonus**") and agreed to pay Sweeney her 2023 Bonus no later than February 29, 2024.  AIME further agreed to pay Sweeney a Severance Payment in the total amount of $240,000 to be paid via twelve (12) monthly installment payments of $20,000, commencing April 15, 2024, with the entire Severance Payment amount being paid in full by no later than March 15, 2025 (collectively, the "**Severance Payment**").

5.2    AIME failed to pay Sweeney her 2023 Bonus no later than February 29, 2024, although AIME has continued to assure Sweeney that AIME will pay her the 2023 Bonus that was due February 29, 2024.  For example, on March 25, 2024, in response to Sweeney's inquiry regarding the status of AIME's past-due payment of

the 2023 Bonus, the President of AIME responded, thanking Sweeney for her patience and flexibility on the issue, and stating, "*Just to make sure we are clear, we have every intention on paying this [the 2023 Bonus]*." AIME made nine (9) of the twelve (12) required monthly installment payments as to the Severance Payment, but AIME then failed to pay the tenth installment payment that was due January 15, 2025, and failed to pay the eleventh installment payment that was due February 15, 2025.

5.3    Sweeney hired an attorney to make demand for payment to AIME.

5.4    On January 27, 2025, Sweeney's attorney forwarded to AIME a written demand that AIME immediately pay Sweeney the $240,000 which AIME has acknowledged it owed Sweeney for her 2023 Bonus and which AIME agreed to pay but has not paid. Sweeney's attorney also demanded AIME immediately pay the $20,000 monthly installment payment on the Severance Payment owed to Sweeney that AIME failed to pay as it was due on January 15, 2025.

5.5    On January 31, 2025, AIME responded, acknowledging Sweeney's January 27th demand letter but advising that AIME is "investigating" the Agreement and that, while its investigation is pending, AIME will not be making any payments to Sweeney. Indeed, AIME has not paid Sweeney the $240,000 2023 Bonus payment that AIME has acknowledged Sweeney earned and which AIME promised to pay, has not paid Sweeney the $20,000 Severance Payment monthly installment payment that was due January 15, 2025, and has not paid Sweeney the $20,000 Severance Payment monthly installment payment that was due February 15, 2025.

### 6| INCORPORATION OF FACTS BY REFERENCE

6.1    The allegations set forth in the Background Facts section above are incorporated by reference as to each cause of action and theory of liability asserted herein, all of which are alleged in the alternative.

### 7 | BREACH OF CONTRACT
(2023 BONUS PAYMENT)

7.1    AIME entered into the Agreement by which AIME acknowledged Sweeney had earned her 2023 Bonus in the amount of $240,000 and agreed to pay Sweeney her 2023 Bonus no later than February 29, 2024.   AIME breached the Agreement by failing to pay Sweeney her 2023 Bonus.   AIME's failure to pay the 2023 Bonus is an unexcused breach of the Agreement for which Sweeney is entitled to recover damages, to-wit:  recovery of the $240,000 owed by AIME to Sweeney as payment of the 2023 Bonus which AIME has acknowledged Sweeney earned.

### 8 | BREACH OF CONTRACT
(SEVERANCE PAYMENT)

8.1    AIME entered into the Agreement by which AIME agreed to pay Sweeney a Severance Payment totaling $240,000.  AIME agreed to pay Sweeney the total amount of the Severance via twelve (12) monthly installment payments of $20,000, commencing April 15, 2024.  AIME partially performed, paying nine (9) of the twelve (12) payments; however, AIME has breached the Agreement by failing to pay the tenth and eleventh payments as they came due January 15 and February 15, respectively.  AIME's failure to pay those two monthly installment payments is an

unexcused breach of the Agreement for which Sweeney is entitled to recover damages, to-wit: recovery of the $40,000 owed by AIME to Sweeney for missing the tenth and eleventh installments of the total Severance Payment.

### 9 | CONDITIONS PRECEDENT

9.1    All conditions precedent have occurred or have been satisfied as required by Texas Rule of Civil Procedure 54.

### 10 | ATTORNEY'S FEES

10.1    Due to Defendant's actions as specifically set forth herein, Plaintiff has been required to retain an attorney to make demand on Defendant to comply with its obligations under the Agreement and also the undersigned attorneys to institute and prosecute this action. The Agreement provides that, in the event of a dispute arising from the Agreement, the prevailing party will be entitled to attorneys' fees and court costs. *See*, TRANSITION AGREEMENT AND MUTUAL RELEASE, §10.2 (**Attorneys' Fees**). Accordingly, Plaintiff seeks recovery of reasonable and necessary attorney's fees from Defendant pursuant to the Agreement and Chapter 38 of the Texas Civil Practice & Remedies Code.

### 11 | NOTICE PURSUANT TO RULE 193.7

11.1    Plaintiff serves notice on Defendant that Plaintiff intends to use documents produced by Defendant in response to written discovery requests in any pretrial proceeding or at the trial of this cause. TEX. R. CIV. P. 193.7.

## 12 | PRAYER

WHEREFORE, Plaintiff Katherine Sweeney respectfully requests the Court grant Plaintiff an award of all actual damages requested herein, together with attorney's fees, pre-judgment interest, post-judgment interest, court costs, and any other damages or relief to which Plaintiff may be entitled.

SULLIVAN & COOK, LLC

_____/s/ M. Jason Ankele_____
WILLIAM COOK
State Bar No. 24125182
wcook@sullivancook.com
M. JASON ANKELE, *OF COUNSEL*
State Bar No. 00786989
jankele@sullivancook.com
600 E. Las Colinas Boulevard, Suite 1300
Irving, Texas 75039
Telephone:   (214) 520-7494
Facsimile:    (214) 528-6925

ATTORNEYS FOR PLAINTIFF
KATHERINE SWEENEY

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

TIFFANY CASTENADA on behalf of M. ANKELE
Bar No. 786989
tcastenada@sullivancook.com
Envelope ID: 97928320
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 2/28/2025 2:31 PM CST

Associated Case Party: Katherine Sweeney

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandler Alt | | calt@sullivancook.com | 2/28/2025 2:09:18 PM | SENT |
| M. JasonAnkele | | jankele@sullivancook.com | 2/28/2025 2:09:18 PM | SENT |
| Tiffany Castenada | | tcastenada@sullivancook.com | 2/28/2025 2:09:18 PM | SENT |
| Jeffrey ECook | | jcook@sullivancook.com | 2/28/2025 2:09:18 PM | SENT |
| William CCook | | wcook@sullivancook.com | 2/28/2025 2:09:18 PM | SENT |
| Kim Jones | | kjones@sullivancook.com | 2/28/2025 2:09:18 PM | SENT |
| Ethan Scroggins | | escroggins@sullivancook.com | 2/28/2025 2:09:18 PM | SENT |