IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KATHERINE SWEENEY**, | § | |
| | § | **Case No. 4:25-cv-00392-O** |
| **Plaintiff**, | § | |
| | § | |
| v. | § | |
| | § | |
| **ASSOCIATION OF INDEPENDENT MORTGAGE EXPERTS**, | § | |
| | § | |
| **Defendant**. | § | |

**JOINT REPORT**

Plaintiff Katherine Sweeney ("Plaintiff") and Defendant Association of Independent Mortgage Experts ("Defendant"), by and through their undersigned counsel, hereby submit this Joint Report pursuant to the Court's April 14, 2025 Order (Doc. 4) as modified by the Court's May 5, 2025 Order (Doc. 19) and July 18, 2025 Order (Doc. 22).

1

**(1) A brief statement of the claims and defenses:**

Plaintiff asserts claims for breach of contract arising out of a Transition Agreement dated January 16, 2024 ("Transition Agreement"). Defendant claims that the Transition Agreement is void, voidable, or otherwise unenforceable.

Defendant asserts counterclaims for a declaratory judgment that the Transition Agreement is void, voidable, or otherwise unenforceable, and for breach of fiduciary duty and unjust enrichment.

Pursuant to the Court's Orders for Extensions (Docs. 19 and 22) Plaintiff has until August 27, 2025 to respond to Defendants' counterclaims and Defendant has 14 days to amend its Answer and Counterclaims after Plaintiff provides an answer or responsive pleading.

**(2) A proposed time limit to file motions for leave to join other parties:**

The parties propose January 30, 2026 as the deadline for joinder of additional parties.

**(3) A proposed time limit to amend the pleadings:**

The parties propose March 13, 2026 as the deadline to file motions to amend the pleadings.

**(4) Proposed time limit for filing of motions:**

The parties propose January 27, 2027 as the deadline for filing of dispositive and non-dispositive motions.

(5) **Proposed time limit for initial designation of experts:**

The parties propose July 24, 2026 as the deadline for initial designation of experts.

(6) **Proposed time limit for responsive designation of experts:**

The parties propose September 25, 2026 as the deadline for responsive designation of experts.

(7) **Proposed time limit for objections to experts (i.e. Daubert and similar motions:**

The parties propose January 25, 2027 as the deadline for objections to experts.

(8) **Proposed Plan and Schedule for Discovery:**

The parties propose September 27, 2026 as the deadline for completion of fact discovery and November 20, 2026 as the deadline for completion of expert discovery. Discovery will be needed as to all claims, counterclaims, and defenses. The parties do not believe discovery should be conducted in phases or limited to particular issues.

(9) **Changes or Limitations on Discovery:**

The parties do not propose any changes or limitations on discovery aside from those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and applicable statutory and case law, except as to the parties' agreement to treat attorney-client communications concerning the complaints and defenses at issue in

this litigation as *exempt* from any privilege log requirement in order to maintain the attorney-client privilege.

**(10)  Proposed means for disclosure or discovery of ESI:**

The parties agree to meet-and-confer and to cooperate on the disclosure and discovery of ESI.

**(11)  Handling and Protection of Privileged or Trial-Preparation Materials:**

At this time, the parties are not requesting an Order regarding the handling of privileged or trial preparation materials.  As noted in section (9) above, the parties agree they do *not* need to log attorney-client communications concerning the complaints and defenses at issue in this litigation in order to maintain the attorney-client privilege.

**(12)  Trial:**

The parties demand trial by jury.  The parties propose a trial date of June 7 or June 14, 2027.  The parties estimate that trial will last approximately two weeks.

**(13)  Settlement negotiations:**

The parties conducted mediation on August 13, 2025.  The case did not resolve at mediation.

**(14) Fed. R. Civ. P. 26(a)(1) Initial Disclosures:**

Pursuant to the Court's May 5, 2025 Order (Doc. 19), Fed. R. P. 26(a)(1) initial disclosures will be due September 24, 2025, which is 14 days after all pleadings have closed on September 10, 2025.

**(15) Whether the parties consent to trial before Magistrate Judge:**

At this time the parties do not consent to trial before a Magistrate Judge.

**(16) Mediation:**

The parties conducted mediation with Courtenay L. Bass on August 13, 2025. The case did not resolve at mediation.

**(17) Any other proposals regarding scheduling and discovery:**

None at this time.

**(18) Whether a conference with the Court is desired:**

At this time the parties do not request a conference with the Court.

**(19) Any other matters to be addressed:**

None at this time.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | **MADIGAN, DAHL & HARLAN, P.A.** |
| Dated: August 27, 2025 | Thomas P. Harlan, *pro hac vice*<br>Christopher W. Bowman, *pro hac vice*<br>Trenton K. Seegert, *pro hac vice*<br>33 South Sixth Street, Suite 3675<br>Minneapolis, MN 55402<br>Phone: 612-604-2000<br>harlan@mdh-law.com<br>bowman@mdh-law.com<br>seegert@mdh-law.com |
|  | -and- |
|  | **DROEL, PLLC** |
|  | s/Evan H. Weiner<br>Timmy L. Droel (TX Bar No. 24075548)<br>Evan H. Weiner (MN Bar No. 389176), *pro hac vice*<br>5625 F.M. 1960 West, Suite 214<br>Houston, TX 77069<br>Phone: (832) 701-9905<br>tdroel@droellaw.com<br>eweiner@droellaw.com |
|  | *Attorneys for Defendant Association of Independent Mortgage Experts* |
|  | *and* |

6

**SULLIVAN & COOK, LLC**

s/ William Cook
M. Jason Ankele, *of counsel*
State Bar No. 00786989
Jeff Cook
State Bar No. 04734495
William Cook
State Bar No. 24125182
600 E. Las Colinas Boulevard, Suite 1300
Irving, Texas 75039
Phone: (214) 520-7494
jankele@sullivancook.com
jcook@sullivancook.com
wcook@sullivancook.com

*Attorneys for Plaintiff Katherine Sweeney*