**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KATHERINE SWEENEY**, | § | |
| | § | **Case No. 4:25-cv-00392-O** |
| **Plaintiff**, | § | |
| | § | |
| v. | § | |
| | § | |
| **ASSOCIATION OF INDEPENDENT MORTGAGE EXPERTS,** | § | |
| | § | |
| **Defendant**. | § | |
| | § | |

---

## PLAINTIFF'S ANSWER TO COUNTERCLAIM

Plaintiff Katherine Sweeney ("**Plaintiff**" or "**Sweeney**") makes this Answer to the Counterclaim filed by Defendant Association of Independent Mortgage Experts ("**Defendant**" or "**AIME**") as follows:

### ANSWER

1. Sweeney denies each and every allegation set forth in Defendant AIME's *Answer and Counterclaim* (hereafter, the "**Counterclaim**") (Doc. 6) unless otherwise admitted or qualified herein.

2. Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 1 of the Counterclaim and therefore denies the same and puts AIME to its strictest burden with respect thereto.

3.     Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 2 of the Counterclaim and therefore denies the same and puts AIME to its strictest burden with respect thereto.

4.     Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 3 of the Counterclaim and therefore denies the same and puts AIME to its strictest burden with respect thereto.

5.     Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 4 of the Counterclaim and therefore denies the same and puts AIME to its strictest burden with respect thereto. AIME's annual reports to LARA, which Sweeney understands to have been submitted by Marc Summers, co-founder and President of AIME, speak for themselves.  To the extent Marc Summers' identification of AIME's officers and directors in the reports to LARA conflicts with the actual officers and directors of AIME at the time of Marc Summers' reporting, those allegations are denied.

6.     Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 5 of the Counterclaim and therefore denies the same and puts AIME to its strictest burden with respect thereto. AIME's annual reports to LARA, which Sweeney understands to have been submitted by Marc Summers, co-founder and President of AIME, speak for themselves.  To the extent Marc Summers' identification of AIME's officers and

directors in the reports to LARA conflicts with the actual officers and directors of AIME at the time of Marc Summers' reporting, those allegations are denied.

7.     Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 6 of the Counterclaim and therefore denies the same and puts AIME to its strictest burden with respect thereto. AIME's annual reports to LARA, which Sweeney understands to have been submitted by Marc Summers, co-founder and President of AIME, speak for themselves.  To the extent Marc Summers' identification of AIME's officers and directors in the reports to LARA conflicts with the actual officers and directors of AIME at the time of Marc Summers' reporting, those allegations are denied.

8.     Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 7 of the Counterclaim and therefore denies the same and puts AIME to its strictest burden with respect thereto. AIME's annual reports to LARA, which Sweeney understands to have been submitted by Marc Summers, co-founder and President of AIME, speak for themselves.  To the extent Marc Summers' identification of AIME's officers and directors in the reports to LARA conflicts with the actual officers and directors of AIME at the time of Marc Summers' reporting, those allegations are denied.

9.     Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 8 of the Counterclaim and

therefore denies the same and puts AIME to its strictest burden with respect thereto. AIME's 2021 IRS Form 990, which Sweeney understands Marc Summers to have participated in the preparation of on behalf of AIME, speaks for itself; however, per AIME's 2021 IRS Form 990 which is publicly available, Sweeney denies that any individuals were identified as officers or directors under Part VIII of the document. Sweeney admits the publicly available report lists her on Schedule J.

10.    Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 9 of the Counterclaim and therefore denies the same and puts AIME to its strictest burden with respect thereto. AIME's 2022 IRS Form 990 speaks for itself; however, per AIME's 2022 IRS Form 990 which is publicly available, Sweeney denies that any individuals were identified as officers or directors under Part VIII of the document, denies that the report indicates Sweeney's "average hours per week" was thirty (30) hours (indeed, AIME's 2022 IRS Form 990 that is publicly available shows Sweeney's "average hours per week" to be forty (40) hours), and denies that Sweeney was the only individual listed on Schedule J. Sweeney admits the publicly available report lists her on Schedule J, but notes Marc Summers and Karis Kohen are also identified on Schedule J.

11.    AIME's Bylaws, as attached to the Counterclaim, speaks for themselves.  As the averments and allegations in paragraph 10 of the Counterclaim

fail to:  (a) identify an applicable date or time period for which the Bylaws were applicable, or (b) verify that the Bylaws attached as Exhibit A to the Counterclaim are the actual Bylaws upon which AIME operated at any given time, Sweeney is without sufficient information to admit or deny those averments and allegations.  The averments and allegations in Paragraph 10 also constitute legal conclusions to which no response is required.

12.     The averments and allegations in Paragraph 11 of the Counterclaim constitute legal conclusions to which no response is required.  As the averments and allegations in Paragraph 11 of the Counterclaim fail to identify the applicable date or time period during which AIME alleges Sweeney to have been a Director and an applicable date or time period during which AIME alleges Sweeney to have been Chairman, Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 11 of the Counterclaim and therefore denies the same and puts AIME to its strictest burden with respect thereto.

13.     AIME's Bylaws and Amended Bylaws, as attached to the Counterclaim, speak for themselves.  The averments and allegations in Paragraph 12 also constitute legal conclusions to which no response is required.  Sweeney admits the Bylaws and the Amended Bylaws, as attached to the Counterclaim, provide that AIME shall not pay compensation to directors for their service on the Board of Directors.

14.    Sweeney is without sufficient information to admit or deny the averments and allegations contained in paragraph 13 of the Counterclaim, particularly as to AIME's alleged adoption of Amended Bylaws occurring a couple of months after Sweeney had separated from AIME, and Sweeney therefore denies the same and puts AIME to its strictest burden with respect thereto. AIME's Bylaws and Amended Bylaws, as attached to the Counterclaim, speak for themselves. Sweeney notes that, her last day of employment at AIME being March 31, 2024, whether AIME later adopted Amended Bylaws on May 21, 2024, and the limitations purportedly included in AIME's Amended Bylaws, are not controlling or applicable to any relevant facts in this cause and have no relevance to this action.

15.    Sweeney admits the averments and allegations contained in paragraph 14 of the Counterclaim.

16.    Sweeney admits the averments and allegations contained in the first sentence of paragraph 15 of the Counterclaim regarding AIME's President, Marc Summers, signing the Transition Agreement around the same time. Sweeney denies the balance of the averments and allegations contained in paragraph 15 of the Counterclaim except as to the fact that Marc Summers is noted on the signature block of the Transition Agreement as AIME's "authorized representative," which Sweeney admits.

17.     Sweeney admits the averments and allegations contained in paragraph 16 of the Counterclaim.

18.     Sweeney admits the averments and allegations contained in the first sentence of paragraph 17 of the Counterclaim regarding AIME's acknowledgment that Sweeney had earned her 2023 Bonus in the amount of $240,000 and that AIME agreed to pay Sweeney the 2023 Bonus no later than February 29, 2024.  In response to the balance of the averments and allegations contained in paragraph 17 of the Counterclaim, given the acknowledgement by AIME that Sweeney had earned her 2023 Bonus and that AIME would pay her the 2023 Bonus by a date certain, there was no need for further detail on how the acknowledged 2023 Bonus was calculated.

19.     Sweeney admits the averments and allegations contained in paragraph 18 of the Counterclaim.

20.     Sweeney denies the averments and allegations contained in paragraph 19 of the Counterclaim.  Additionally, the averments and allegations in Paragraph 19 also constitute legal conclusions to which no response is required.

21.     Sweeney denies the averments and allegations contained in paragraph 20 of the Counterclaim.  The Transition Agreement attached as Exhibit C to the Counterclaim speaks for itself. Sweeney would note that Sarah DeCiantis, the Chief Marketing Officer of AIME's primary sponsor, United Wholesale Mortgage ("**UWM**"), is the person who negotiated Sweenie's departure from AIME and

reviewed and revised the Transition Agreement prior to Marc Summers, as President and the authorized representative of AIME, executed the Transition Agreement.

22.    Sweeney admits the averments and allegations contained in paragraph 21 of the Counterclaim.

23.    In response to Paragraph 22 of the Counterclaim, Sweeney realleges and reincorporates all of her responses to the averments and allegations contained in the Paragraphs preceding Paragraph 22 of the Counterclaim as though fully set forth herein.

24.    The averments and allegations contained in Paragraph 23 of the Counterclaim constitute legal conclusions to which no response is required.  To the extent Paragraph 23 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

25.    The averments and allegations contained in Paragraph 24 of the Counterclaim constitute legal conclusions to which no response is required.  To the extent Paragraph 24 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

26.    The averments and allegations contained in Paragraph 25 of the Counterclaim constitute legal conclusions to which no response is required.  To the extent Paragraph 25 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

27.    The averments and allegations contained in Paragraph 26 of the Counterclaim constitute legal conclusions to which no response is required. To the extent Paragraph 26 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

28.    The averments and allegations contained in Paragraph 27 of the Counterclaim constitute legal conclusions to which no response is required. To the extent Paragraph 27 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

29.    The averments and allegations contained in Paragraph 28 of the Counterclaim constitute legal conclusions to which no response is required. To the extent Paragraph 28 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

30.    The averments and allegations contained in Paragraph 29 of the Counterclaim constitute legal conclusions to which no response is required. To the extent Paragraph 29 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

31.    The averments and allegations contained in Paragraph 30 of the Counterclaim constitute legal conclusions to which no response is required. To the extent Paragraph 30 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations. Sweeney notes that AIME's request for a

"complete accounting of any amounts paid to Ms. Sweeney in connection with the Transition Agreement" is unnecessary as AIME was the sole payor of all amounts AIME paid to Ms. Sweeney in connection with the Transition Agreement and, therefore, already has a "complete accounting" of those payments.

32.    In response to Paragraph 31 of the Counterclaim, Sweeney realleges and reincorporates all of her responses to the averments and allegations contained in the Paragraphs preceding Paragraph 31 of the Counterclaim as though fully set forth herein.

33.    Sweeney admits the averments and allegations contained in Paragraph 32 of the Counterclaim regarding Sweeney having received compensation from AIME as an officer as far back as 2021. The balance of the averments and allegations contained in paragraph 32 of the Counterclaim constitute legal conclusions to which no response is required or, to the extent they are deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

34.    The averments and allegations contained in Paragraph 33 of the Counterclaim constitute legal conclusions to which no response is required. To the extent Paragraph 33 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

35.    The averments and allegations contained in Paragraph 34 of the Counterclaim constitute legal conclusions to which no response is required. To the

extent Paragraph 34 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

36.    The averments and allegations contained in Paragraph 35 of the Counterclaim constitute legal conclusions to which no response is required.  To the extent Paragraph 35 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

37.    The averments and allegations contained in Paragraph 36 of the Counterclaim constitute legal conclusions to which no response is required.  To the extent Paragraph 36 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

38.    In response to Paragraph 37 of the Counterclaim, Sweeney realleges and reincorporates all of her responses to the averments and allegations contained in the Paragraphs preceding Paragraph 37 of the Counterclaim as though fully set forth herein.

39.    The averments and allegations contained in Paragraph 38 of the Counterclaim constitute legal conclusions to which no response is required.  To the extent Paragraph 38 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

40.    The averments and allegations contained in Paragraph 39 of the Counterclaim constitute legal conclusions to which no response is required.  To the

extent Paragraph 39 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

41.    The averments and allegations contained in Paragraph 40 of the Counterclaim constitute legal conclusions to which no response is required.  To the extent Paragraph 40 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

42.    The averments and allegations contained in Paragraph 41 of the Counterclaim constitute legal conclusions to which no response is required.  To the extent Paragraph 41 is deemed to state a factual allegation requiring admission or denial, Sweeney denies those allegations.

43.    In response to the section of the Counterclaim entitled, "Prayer for Relief," Sweeney denies that AIME is entitled to any of the relief requested therein.

### AFFIRMATIVE DEFENSES

Sweeney states and alleges the following affirmative defenses, all of which are plead in the alternative per Rule 8 of the Federal Rules of Civil Procedure:

1.    The Counterclaim fails to state a claim upon which relief may be granted.

2.    AIME's counterclaims are barred by the doctrines of release, accord and satisfaction, and ratification.

3.    AIME's counterclaims are barred by the doctrines of waiver, estoppel, estoppel by contract, and the voluntary payment doctrine.

4.    AIME's counterclaims are barred by the doctrines of unclean hands, unjust enrichment, and fraud.

5.    AIME's counterclaims are barred, in whole or in part, because Sweeney's conduct, acts, and omissions were not the proximate cause of AIME's alleged damages.

6.    AIME's counterclaims are barred, in whole or in part, because AIME suffered no compensable damages.

7.    AIME's counterclaims are barred, in whole or in part, by virtue of the business judgment rule.

Sweeney preserves any and all additional affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, any of which may be asserted or discovered in this matter.

Dated: August 27, 2025

Respectfully Submitted,

**SULLIVAN & COOK, LLC**

s/  William Cook
M. Jason Ankele, *of counsel*
State Bar No. 00786989
Jeff Cook
State Bar No. 04734495
William Cook
State Bar No. 24125182
600 E. Las Colinas Boulevard, Suite 1300
Irving, Texas 75039
Phone: (214) 520-7494
jankele@sullivancook.com
jcook@sullivancook.com
wcook@sullivancook.com
*Attorneys for Plaintiff Katherine Sweeney*

### CERTIFICATE OF SERVICE

I certify this document was served on all counsel of record via the Court's ECF System on August 27, 2025.

/s/  William Cook
William Cook