# BYLAWS OF THE ASSOCIATION OF INDEPENDENT MORTGAGE EXPERTS, A MICHIGAN NOT-FOR-PROFIT CORPORATION

## ARTICLE I. OFFICES, PURPOSE AND ACTIVITIES

1.01. **Formation.** The Association of Independent Mortgage Experts (the "Corporation") has been incorporated as a Michigan non-profit corporation under Michigan law and the filing of Articles of Incorporation for the Corporation with the Michigan Department of Licensing and Regulatory Affairs.

1.02. **Location.** The Corporation shall be located at 6978 Dixie Hwy., Suite B in the Village of Clarkston and State of Michigan. The Corporation may also maintain additional offices at such other places within or outside the State of Michigan as the President and the Chairman (collectively, the "Board of Directors") may from time to time determine.

1.03. **Purpose.** The purpose of the Corporation shall be to advance the interests of Independent Mortgage Experts (as defined below).

1.04. **Activities.** The Corporation shall engage in the following activities:
   a. Lobbying and advocacy on behalf of Independent Mortgage Experts;
   b. Conferences, trade shows, seminars, etc. presented by the Corporation that focus on the interests of Independent Mortgage Experts;
   c. Potential expansion of the Independent Mortgage Experts industry through various means, including, by way of example, a grant or financing program;
   d. Provide benefits to members of the Corporation; and
   e. Education on, and marketing of, the benefits of Independent Mortgage Experts.

The Corporation may also add additional activities as the Board of Directors may from time to time determine (collectively, the "Activities").

## ARTICLE II. MEMBERS

2.01. **Who Shall Be Members.** There shall be three (3) classes of members of the Corporation as follows:

a. The employees and independent contractors of every corporation or business entity that is an independent broker or non-delegated correspondent of residential mortgages (collectively, "Independent Mortgage Experts") shall be eligible for membership in the Corporation as a Class I member provided that such corporation or business entity shall meet the membership criteria set by the Board of Directors (a "Class I Member"). A Class I Member shall have, subject to these Bylaws, all privileges afforded by the Corporation but shall not be entitled to voting rights and shall not be entitled to access any of the financial or corporate documentation

1

of the Corporation.

b. Every corporation or business entity that is a vendor to the residential mortgage industry shall be eligible for membership in the Corporation as a Class II member provided that such corporation or business entity shall meet the membership criteria set by the Board of Directors (a "Class II Member"). A Class II Member shall have, subject to these Bylaws, all privileges afforded by the Corporation but shall not be entitled to voting rights and shall not be entitled to access any of the financial or corporate documentation of the Corporation.

c. Every corporation or business entity that is a seller and servicer of residential home mortgage loans (as such terms are used in the Fannie Mae Selling Guide) shall be eligible for membership in the Corporation as a Class III member provided that such corporation or business entity shall meet the membership criteria set by the Board of Directors (a "Class III Member"). A Class III Member shall have, subject to these Bylaws, all privileges afforded by the Corporation but shall not be entitled to voting rights and shall not be entitled to access any of the financial or corporate documentation of the Corporation.

Corporations or business entities seeking membership in the Corporation for themselves, their employees and/or their independent contractors, as applicable, as a Class I Member, Class II Member or Class III Member shall become members of the Corporation only upon approval of the Corporation after having met the membership criteria set by the Board of Directors.

2.02. **Transfers and Termination of Membership.** Membership in the Corporation shall not be transferable. Any member may resign by written notice to the President (any such resignation to take effect as specified therein, or if not so specified, upon receipt by the President) provided that such resigning member shall not be entitled to any reimbursement of its membership dues. Any member may be removed or suspended at any time, with or without cause, by a vote of the Board of Directors as provided herein, or for nonpayment of dues by the President. No fines or penalties of a monetary nature may be assessed or levied against any member for any reason whatsoever.

## ARTICLE III. FEES, DUES, AND ASSESSMENTS

3.01. **Present Membership Classes.** The amount of dues or fees for each class of members indicated herein shall be fixed and determined by the Board of Directors from time to time. The Board shall provide the Corporation with a list of current fees and dues for all membership classes.

3.02. **Future Membership Classes.** The Board of Directors shall establish dues or fees for such other classes of membership as may be established hereafter.

## ARTICLE IV. SPONSORSHIP

4.01. **Sponsorship Levels.** Levels of sponsorship shall be set by the Board of Directors.

4.02. **Sponsorship Benefits.** Sponsorship benefits shall be set by the Board of Directors and set forth in contracts between the Corporation and the sponsor.

4.03. **Sponsorship Levels and Fees.** The amount of fees for each level of sponsorship indicated herein shall be fixed and determined, and amended, by the Board of Directors from time to time. The Board of Directors shall provide the Corporation with a list of current fees for all sponsorship levels.

4.04. **Future Sponsorship Levels.** The Board of Directors shall establish fees for such other levels of sponsorship as may be established hereafter.

## ARTICLE V. BOARD OF DIRECTORS

5.01. **Power of Board and Qualification of Directors.** The Corporation shall be managed by its Board of Directors. The Board of Directors shall consist of the then President and the then Chairman. The initial Chairman shall be Anthony Casa.

5.02. **Terms in Office.** The Chairman shall serve on the Board of Directors for a two (2) year period from the date of execution of these Bylaws in the case of the initial Chairman or such Chairman's appointment in the case of a successor Chairman or until such time as such Chairman is removed by the Board of Directors pursuant to Section 5.06.

5.03. **Tenure.** Notwithstanding any provisions to the contrary contained herein, the Chairman shall hold office until his successor is elected and qualified, or until his earlier death, resignation, or removal.

5.04. **Vacancies.** Any vacancy of a Chairman may be filled by the appointment of the President or such person or entity to whom such appointment power has been delegated by the President.

5.05. **Resignation.** Any director may resign from office at any time by delivering a resignation in writing to the other director of the Board of Directors. Such resignation shall take effect at the time specified therein, subject to Section 5.03 hereof, and unless otherwise specified, no acceptance of such resignation shall be necessary to make it effective.

5.06. **Removal of Chairman.** The Chairman may be removed with cause by written resolution of the President specifically identifying the reason for such removal. For the purposes of this section, "Cause" for purposes of removing the Chairman shall mean:

a. any act of willful or gross misconduct, dishonesty or other detrimental act or omission on the part of the Chairman which causes harm to the Corporation, as determined in the reasonable exercise of the President;
b. conviction of the Chairman of any act which constitutes an offense under federal, state, or local law, excluding misdemeanor traffic offenses; and
c. the commission of any crime or other improper act, or any omission of any duty which, in the reasonable exercise of discretion of the President, could subject the Corporation to discipline or investigation by any legal or regulatory authority.

The Chairman shall also be automatically removed in the event of such director's death or Disability. For the purposes of this Agreement, "Disability" for purposes of terminating a Chairman's appointment shall mean the Chairman's inability to perform the essential functions of

the Chairman's duties for the Board of Directors for a period of time in excess of a qualified leave under the Family and Medical Leave Act or as otherwise required by the Americans With Disabilities Act as applicable.

**5.07. Meetings of the Board of Directors and Advisory Board.** Meetings of the Board of Directors, annual, regular, or special, may be held at an approved meeting place of the Board of Directors. An annual meeting of the Board of Directors shall be held in 2018 on a date designated by the Chairman and shall be held each year thereafter on a date agreed to by the Board of Directors. The Chairman will provide at least seven (7) days' written notice by mail or other means of delivery to the President and members of the Advisory Board at their last known address of such annual meeting. The Board of Directors may fix times and places for regular meetings of the Board of Directors and no notice of such meetings need be given except as determined by the Chairman in his sole discretion. Special meetings of the Board of Directors may be called at any time by the Chairman by a written notice delivered or mailed to the President at his last known address, at least one (1) day prior to the day of the meeting. The Chairman may provide notice of regular meetings and/or special meetings to members of the Advisory Board in his sole discretion. The Chairman or President may adjourn any meeting to another time and place.

**5.08. Quorum and Voting.** The presence of the Chairman and the President at any annual, regular or special meeting shall constitute a quorum for the transaction of business or of any specified item of business. The Chairman and President shall each be provided with a vote for the purposes of deciding Corporation business brought before the Board of Directors. In connection with any vote of the Board of Directors, any vote that includes a "yes" vote of the Chairman shall constitute an approved act of the Board of Directors.

**5.09. Written Consent of Directors; Meetings by Conference Telephone.** Any action required or permitted to be taken by the Board of Directors may be taken by the Board of Directors without a meeting if the directors of the Board of Directors constituting a quorum for such action consent in writing to the adoption of a resolution authorizing such action. Each resolution so adopted and the written consents thereto by directors of the Board of Directors shall be filed with the minutes of the proceedings of the Board of Directors.

Any one or more directors of the Board of Directors and/or members of the Advisory Board may participate in an annual meeting, regular meeting or special meeting, as applicable, by means of a conference telephone or similar communications equipment allowing all persons participating in the meeting to hear each other at the same time. Participation by such means shall constitute presence in person at a meeting.

**5.10. Compensation of Directors.** The Corporation shall not pay compensation to directors for their service on the Board of Directors, but may reimburse directors for expenses actually incurred in performing services rendered to the Corporation in such capacities.

**5.11. Vendors.** From time to time, the Corporation may need to employ the services of certain vendors, including but not limited to vendors for the creation of conferences and trade shows presented by the Corporation or for certain accounting services. The Chairman shall approve the use of vendors whose services shall cost the corporation over $20,000.00 in a one-year period and

their compensation. The President may approve the use of any vendor whose services shall cost the Corporation $20,000.00 or less in a one-year period.

5.12. **Schedule of Activities.** The Chairman shall approve the schedule of Activities for the year during the first quarter of such year.

5.13. **Expenses.** The Chairman shall approve any expense of the Corporation: (a) over $20,000 for a one-year period, or (b) outside of the scope of Activities, before such expense is incurred by the Corporation. The President may approve any expense that shall cost the Corporation $20,000.00 or less in a one-year period.

## ARTICLE VI. ADVISORY BOARD

6.01. **Power of Board and Qualification of the Advisory Board.** The Advisory Board shall consist of three (3) Class I Members, one (1) Class II Member and two (2) Class III Members. The three (3) Class I Members, one (1) Class II Member and two (2) Class III Members for the Advisory Board shall be initially selected by the Chairman. The Advisory Board shall provide advisory services to the Board of Directors but shall have no voting rights and shall not be entitled to access any of the financial or corporate documentation of the Corporation.

6.02. **Number.** The number of members that shall constitute the whole Advisory Board shall not be less than six (6).

6.03. **Terms in Office.** Each Class I Member, Class II Member and Class III Member of the Advisory Board shall serve for a term ending on the second anniversary of the date on which such member was initially appointed by the Chairman.

6.04. **Tenure.** Notwithstanding any provisions to the contrary contained herein, each member of the Advisory Board shall hold office until his successor is appointed, or until his earlier death, resignation, or removal.

6.05. **Resignation.** Any member of the Advisory Board may resign from office at any time by delivering a resignation in writing to the Chairman. Such resignation shall take effect at the time specified therein, subject to Section 6.04 hereof, and unless otherwise specified, no acceptance of such resignation shall be necessary to make it effective.

6.06. **Removal of Advisory Board Members.** Any Class I Member, Class II Member or Class III Member of the Advisory Board may be removed with or without cause by vote of the Board of Directors as provided herein. Any of the members of the Advisory Board shall also be automatically removed in the event of such member's death or Disability. For the purposes of this Agreement, "Disability" for purposes of terminating a member's appointment shall mean the member's inability to perform the essential functions of the member's duties for the Advisory Board for a period of time in excess of a qualified leave under the Family and Medical Leave Act or as otherwise required by the Americans With Disabilities Act as applicable.

6.07. **Vacancies.** Any vacancy of a member of the Advisory Board may be filled by the

appointment of the Chairman or such person or entity to whom such appointment power has been delegated by the Chairman.

6.08. **Compensation of Advisory Board.** The Corporation shall not pay compensation to members of the Advisory Board, but may reimburse members for expenses actually incurred in performing services rendered to the Corporation in such capacities.

### ARTICLE VII. OFFICERS, AGENTS, AND EMPLOYEES

7.01. **General Provisions.** The officers of the Corporation shall be a President, a Secretary, a Treasurer, and a Chairman.

7.02. **Term of Office, Vacancies, and Removal.** The initial President, Secretary and Treasurer of the Corporation shall be Marc Summers. The Board of Directors may appoint other officers, who shall have such authority and perform such duties as may be prescribed by the Board of Directors. The President, Secretary and/or Treasurer position(s) will be held until such time as such person(s): (a) shall resign by providing written notice to the Chairman and if applicable, pursuant to the terms of his or her employment agreement with the Corporation; (b) such person(s) is removed with cause by written resolution of the Chairman specifically identifying the reason for such removal; or (c) the death or Disability (as defined below) of the President, Secretary and/or Treasurer. If an office becomes vacant for any reason, the Chairman may fill such vacancy or such vacancy may be filled by such person or entity to whom such power has been delegated by the Chairman. Notwithstanding any provisions to the contrary contained herein, each officer shall hold office until his successor is elected and qualified, or until his earlier death, resignation, or removal. For the purposes of this section, "Cause" for purposes of removing the President, Secretary and/or Treasurer shall mean:

   a. any act of willful or gross misconduct, dishonesty or other detrimental act or omission on the part of the President, Secretary and/or Treasurer which causes harm to the Corporation, as determined in the reasonable exercise of discretion by the Chairman;
   b. conviction of the President, Secretary and/or Treasurer of any act which constitutes an offense under federal, state, or local law, excluding misdemeanor traffic offenses;
   c. the commission of any crime or other improper act, or any omission of any duty which, in the reasonable exercise of discretion of the Chairman, could subject the Corporation to discipline or investigation by any legal or regulatory authority; and
   d. a breach by the President, Secretary and/or Treasurer of any material provision of his or her Employment Agreement with the Corporation if applicable.

For purposes of this section, "Disability" is defined as the inability of the President, Secretary and/or Treasurer to perform the essential functions of his or her duties for the Corporation and/or the Board of Directors for a period of time in excess of a qualified leave under the Family and Medical Leave Act or as otherwise required by the Americans With Disabilities Act as applicable.

7.03. **Powers and Duties of Officers.** Subject to the control of the Board of Directors, all officers as between themselves and the Corporation shall have such authority and perform such duties in the management of the property and affairs of the Corporation as may be provided in these Bylaws

or by resolution of the Board and, to the extent not so provided, as generally pertain to their respective offices.

   a. *Chairman of the Board.* The Chairman of the Board shall preside at all meetings of the Board of Directors at which the Chairman is present and shall perform such other duties as the Board of Directors may designate. In the absence or inability of the President to act, the Chairman shall perform the duties and may exercise the powers of the President.
   b. *President.* The President shall serve as the chief executive officer of the Corporation. In the absence of the Chairman, the President shall preside at all meetings of the Board of Directors and, subject to the supervision of the Board, shall perform all duties customary to that office and shall supervise and control all of the affairs of the Corporation in accordance with policies and directives approved by the Board.
   c. *Secretary.* The Secretary shall be responsible for the keeping of an accurate record of the proceedings of all meetings of the Board of Directors, shall give or cause to be given all notices in accordance with these Bylaws or as required by law and, in general, shall perform all duties customary to the office of Secretary. The Secretary shall have custody of the corporate seal of the Corporation, if any; and he shall have authority to affix the same to any instrument requiring it; and, when so affixed, it may be attested by his signature. The Board may give general authority to any officer to affix the seal of the Corporation, if any, and to attest the affixing by his signature.
   d. *Treasurer.* The Treasurer shall have the custody of, and be responsible for, all funds and securities of the Corporation. He shall keep or cause to be kept complete and accurate accounts of receipts and disbursements of the Corporation, and shall deposit all moneys and other valuable property of the Corporation in the name and to the credit of the Corporation in such banks or depositories as the Board of Directors may designate. Whenever required by the Board, the Treasurer shall render a statement of accounts. He shall at all reasonable times exhibit the books and accounts to any officer or director of the Corporation, and shall perform all duties incident to the office of Treasurer, subject to the supervision of the Board, and such other duties as shall from time to time be assigned by the Board. The Treasurer shall, if required by the Broad, give such bond or security for the faithful performance of his duties as the Board may require.

**7.04. Agents and Employees.** The Board of Directors may appoint, or may designate the President to appoint, agents and employees of the Corporation who shall have such authority and perform such duties as may be prescribed by the Board or the President, respectively. The Board may remove any agent or employee of the Corporation at any time with or without cause, by a vote of the Board of Directors as provided herein, or may designate the President to remove such agent or employee.

**7.05. Compensation of Officers, Agents, and Employees.** The Corporation shall not pay any compensation to the Chairman of the Board. The President's compensation (which shall include his responsibility as both the Secretary and Treasurer, if applicable) shall be set forth in his Employment Agreement with the Corporation for the first year of his employment with the

Corporation. For each subsequent year, the compensation of the President shall be approved by a vote of the Board of Directors as provided herein. In the event that the Treasurer and/or Secretary is someone other than the President, the Corporation shall not pay any compensation to such Treasurer and/or Secretary. Additionally, officers may be reimbursed for expenses incurred in the performance of their duties to the Corporation, in reasonable amounts as approved by a vote of the Board of Directors as provided herein. The compensation of agents and employees appointed by the Board of Directors shall be fixed by the Board, but this power may be delegated to any officer, agent, or employee as to a person under that person's direction or control.

## ARTICLE VIII. CONTRACTS, CHECKS, DEPOSITS AND FUNDS

**8.01. Contracts.** The Board of Directors may authorize any officer of the Corporation to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Corporation as prescribed by a resolution of the Board of Directors, and such authority may be general or confined to specific instances.

**8.02. Checks, Drafts, etc.** All checks, drafts or orders for the payment of money, notes or other evidences of indebtedness issued in the name of the Corporation, shall be signed by an officer of the Corporation and in a manner as shall be determined by resolution of the Board of Directors. In the absence of this determination by the Board of Directors, the instruments shall be signed by the President or Treasurer.

**8.03. Deposits.** All funds of the Corporation shall be deposited to the credit of the Corporation in the banks or other depositaries as the Board of Directors or President may select.

**8.04. Gifts.** The Board of Directors may, in its discretion, accept on behalf of the Corporation any contribution, gift, bequest or devise for the general purposes or for any special purpose of the Corporation.

## ARTICLE IX. DISSOLUTION, LIQUIDATION & TERMINATION

**9.01. Events of Dissolution.** The Corporation shall be dissolved and shall commence winding up its affairs upon a vote of the Board of Directors as provided herein to commence such dissolution. Except as otherwise provided in the Articles of Incorporation or under Michigan law, the Corporation is intended to have a perpetual existence. The Company shall not be dissolved upon the death, retirement, resignation, expulsion, dissolution or bankruptcy of any officer, director, agent or employee of the Corporation.

**9.02. Liquidation & Termination.** On the dissolution of the Corporation, the Board of Directors shall act as liquidator, or (in its sole and absolute discretion) may appoint one or more representatives as liquidator(s). The liquidators shall proceed diligently to wind up the affairs of the Corporation. The costs of liquidation shall be borne as a Corporation expense. Until final distribution, the liquidators shall continue to operate the Corporation with all of the power and authority of the Board of Directors.

9.03. **Articles of Dissolution.** On completion of the liquidation of the Corporation's assets as provided herein, the Corporation is terminated, and the Chairman or the President (or such other person(s) as Michigan law may require or permit) may file articles of dissolution with the State of Michigan, cancel any other filings made pursuant to the Articles of the Incorporation or these Bylaws and take such other actions as may be necessary to terminate the Corporation.

## ARTICLE X. MISCELLANEOUS

10.01. **Fiscal Year.** The fiscal year of the Corporation shall be the calendar year or such other period as may be fixed by the Board of Directors.

10.02. **Corporate Seal.** The seal of the Corporation shall be circular in form and contain the name of the Corporation, the words "Corporate Seal" and "State of Michigan" and the year the Corporation was formed in the center. The Corporation may use the seal by causing it or a electronic version to be affixed or impressed or reproduced in any manner.

10.03. **Books and Records.** The Corporation shall keep at its principal office: (1) correct and complete books and records of accounts, (2) minutes of the proceedings of the Board, and (3) a current list or record containing the names and addresses of all members, directors, and officers of the Corporation. Any of the books, records, and minutes of the Corporation may be in written form or in any other form capable of being converted into written form within a reasonable time.

10.04. **Amendments to Certificate and Bylaws.** These Bylaws may be amended or repealed, and new Bylaws may be adopted through a vote of the Board of Directors as provided herein.

10.05. **Interested Directors and Officers.** No contract transaction between the Corporation and any other corporation, firm, association, or other legal entity shall be invalidated by reason of the fact that any one or more of the members, officers, or directors of the Corporation has a direct or indirect interest, pecuniary or otherwise, in such corporation, firm, association, or legal entity, or because the interested member, officer, or director was present at the meeting of the Board of Directors that acted upon or in reference to such contract or transaction, or because he participated in such action, provided that the interest of each such member, officer, or director shall have been disclosed to or known by the Board and a disinterested majority of the Board shall have nonetheless ratified and approved such contract or transaction. Such interested member, officer, or director shall not be counted in determining ratification or approval.

10.06. **Notices.** All notices and demands required or permitted under these Bylaws shall be in writing, as follows: (i) by mailing such notice by registered or certified mail, return receipt requested, in which case the notice shall be deemed to be given on the date of its mailing; or (ii) by Federal Express, United Parcel Service or any other nationally recognized overnight carrier, in which case the notice shall be deemed to be given as of the date it is sent. All notices which concern these Bylaws shall be sent to (or such other address as shall be designated by the Corporation in writing at a future date):

Association of Independent Mortgage Experts
Attn: President
6978 Dixie Hwy., Suite B
Clarkston, Michigan 48346

10.07. **Severability.** If any provision of these Bylaws or the application of such provision to any person or circumstance shall be held invalid, the remainder of these Bylaws, or the application of such provision to persons or circumstances other than those as to which it is held invalid, shall not be affected.

10.08. **Resolutions.** Notwithstanding anything to the contrary contained herein, the Board of Directors may, from time to time, delegate certain responsibilities including those not otherwise detailed herein to the President by a resolution of the Board of Directors.

10.09. **Confidentiality.** The officers of the Corporation, the directors on the Board of Directors, agents and employees of the Corporation and vendors utilized by the Corporation may be provided with or have access to certain confidential or proprietary information of the Corporation. In order to protect such confidential or proprietary information of the Corporation, the President may require any of the aforementioned parties to sign a non-disclosure agreement with the Corporation in the event that such parties are not otherwise contractually obligated to maintain the confidentiality of the confidential or proprietary information of the Corporation.

10.10. **Applicable Law.** The laws of the State of Michigan shall govern these Bylaws, excluding any conflict of laws rules.

IN WITNESS WHEREOF, the President of the Corporation has executed these Bylaws as of this _____ day of February, 2018.

Association of Independent Mortgage Experts

By: Marc Summers
Its: President

10